UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                                              :
Anna Korshunova and Dmytro Pershyn,      :    CIVIL ACTION NO: 3:17-cv-1901
                                                              :
    Plaintiffs,                                   :
v.                                                            :
                                                              :
Haven Care for the Elderly, LLC,                 :
Lidiya Tereschenko, and Ivan Tereschenko,  :
                                                              :
    Defendants.                                :    November 13, 2017
_____:

# COMPLAINT

## I. INTRODUCTION

1. This is an action brought by the plaintiffs, Anna Korshunova and Dmytro Pershyn, against the defendants, Haven Care for the Elderly, LLC, Lidiya Tereschenko, and Ivan Tereschenko, arising from the defendants' failure to lawfully pay the plaintiffs wages for their work. The plaintiffs allege violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the minimum wage and overtime provisions of the Connecticut Minimum Wage Act, Conn. Gen. Stat. §31-58 *et seq* ("CMWA"). The plaintiffs seek their unpaid wages, liquidated damages pursuant to the FLSA, punitive damages pursuant to the CMWA, and their reasonable attorney's fees and costs.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331. With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(b), because a substantial part of the events giving rise to this claim occurred within this

judicial district.

### III. THE PARTIES

4. The plaintiffs, Anna Korshunova and Dmytro Pershyn, are residents of Connecticut.

5. At all times relevant to this Complaint the plaintiffs were employees of the defendants as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(e)(1), and by Connecticut General Statutes §31-58(f) and 31-71a(2).

6. At all times relevant to this Complaint, the plaintiffs were employees engaged in commerce, and/or were employees in an enterprise engaged in commerce within the meaning of 29 U.S.C. §206(a) and 207(a)(1).

7. Defendant Haven Care for the Elderly, LLC is a provider of in-home homemaker and companion services with a place of business at 3B Hyatt Avenue, Norwalk, Connecticut.

8. Defendant Lidiya Tereschenko is a resident of Norwalk, Connecticut.

9. At all times relevant to the Complaint, defendant Lidiya Tereschenko was the owner of defendant Haven Care for the Elderly, LLC and sole proprietor of Blessed Care for the Elderly LLC.

10. Defendant Ivan Tereschenko is a resident of Falls Church, Virginia.

11. At all times relevant to the Complaint, defendant Ivan Tereschenko was the sole proprietor of Paradise Personalized Care.

12. At all times relevant to the Complaint, defendant Lidiya Tereschenko made all relevant decisions regarding the plaintiffs' wages and working conditions.

13. At all times relevant to the Complaint, the defendants were employers as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(d), and by Connecticut General Statutes §31-58(e) and 31-71a(1).

**IV.     STATEMENT OF FACTS**

<u>Anna Korshunova</u>

14.     Anna Korshunova ("Korshunova") has been jointly-employed by the defendants to provide home care services to the defendants' elderly clients from around March 7, 2015 until the present.

15.     From March 7, 2015 until April 12, 2015, Korshunova worked 6-7 hour shifts each Saturday and Sunday for which she was compensated at the rate of $20 per hour.

16.     From March 23, 2015 until April 17, 2015, Korshunova also worked on a live-in basis from Monday through Friday of each week for which she was compensated $180 per day.

17.     From April 18, 2015 through May 24, 2015, Korshunova worked seven hours per day, seven days per week, for which she was compensated at the rate of $20 per hour.

18.     From May 25, 2015 through May 27, 2016, Korshunova worked on a live-in basis at the rate of $180 per day, at which time she worked seven days per week during fourteen weeks, six days per week during 21 weeks, five days per week during seventeen weeks, and four days during one week.

19.     Korshunova did not work between May 28, 2016 and June 8, 2016.

20.     From June 9, 2016 through June 9, 2017, Korshunova worked on a live-in basis at the rate of $190 per day, at which time she worked seven days per week during nine weeks, six days per week during eight weeks, five days per week during 28 weeks, four days per week during three weeks, three days per week during one week, two days per week during two weeks, and zero days during one week.

21.     From June 10, 2017 through August 25, 2017, Korshunova worked on a live-in basis five days per week at the rate of $14.00 per hour.

22.     During the periods of March 23, 2015 through April 17, 2015, May 25, 2015 through February 26, 2016, June 24, 2016 through July 8, 2016, August 19-23, 2016, and August 31, 2016 through September 7, 2016, Korshunova was at the clients' beck and call all day and night, which prevented her from getting at least five hours of sleep each night.

23.     During all other periods of live-in employment, Korshunova was able to sleep through the night, but did not have any other free time throughout the day.

Dmytro Pershyn

24.     Dmytro Pershyn ("Pershyn") was employed by the defendants as a home care provider and driver from around January 23, 2015 until around June 15, 2016.

25.     Pershyn provided live-in care to Lidiya Tereschenko's non-cohabiting husband and also drove to Greenwich twice each day to assist another homecare client seven days per week. When he wasn't assisting the home care clients, Pershyn served as a driver for the defendants' business operations and Lidiya Tereschenko's personal needs.

26.     Pershyn was not provided home-like sleeping accommodations or furnishings and was allowed an average of only seven hours of downtime for sleep per night.

27.     The defendants paid Pershyn $1,000 per week for his work and increased it to $1,050 around May, 2016.

All plaintiffs

28.     The defendants paid the plaintiffs less than the Connecticut minimum hourly wage.

29.     The defendants did not pay the plaintiffs at the rate of one and one-half times their regular hourly rate for all hours worked in excess of forty hours in each one week period.

30.     The defendants did not maintain a complete and accurate record of the hours worked, wages earned, and wages paid to the plaintiffs.

31. Between January 1, 2015 and December 31, 2015, the minimum hourly wage in Connecticut was $9.15.

32. Between January 1, 2016 and December 31, 2016, the minimum hourly wage in Connecticut was $9.60.

33. Since January 1, 2017, the minimum hourly wage in Connecticut is $10.10.

## V.  COUNT ONE: FLSA AND CMWA OVERTIME VIOLATIONS

34. The plaintiffs restate, re-allege and incorporate by reference paragraphs 1 through 33, above.

35. The defendants' failure to pay overtime wages as required by federal law was willful, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiffs consistent with the FLSA and did not do so.

36. The defendants' failure to pay overtime wages as required by Connecticut law was willful, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiffs consistent with the CMWA and did not do so.

37. As a result of the defendants' unlawful conduct, the plaintiffs suffered a loss of wages.

## VI.  COUNT TWO: CONNECTICUT MINIMUM WAGE VIOLATIONS

38. The plaintiffs restate, re-allege and incorporate by reference paragraphs 1 through 37, above.

39. As described above, the defendants failed to compensate the plaintiffs by paying them at least the applicable Connecticut minimum wage for each hour worked.

40. The defendants' failure to pay at least the applicable minimum wage as required by Connecticut law was willful, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiffs consistent with the CMWA and did not

do so.

41.	As a result of the defendants' unlawful conduct, the plaintiffs suffered a loss of wages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiffs respectfully request that this Court:

1.	Order the defendants to pay to the plaintiffs all wages owed, consistent with the Fair Labor Standards Act and the Connecticut Minimum Wage Act;

2.	Award the plaintiffs liquidated damages for all overtime wages owed pursuant to 29 U.S.C. §216(b);

3.	Award the plaintiffs punitive damages for all overtime and Connecticut minimum wages owed pursuant to Conn.Gen.Stat. §31-72;

4.	Award the plaintiffs their reasonable attorney's fees and costs; and

5.	Award the plaintiffs such other legal and equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED
THE PLAINTIFFS, by

_/ s / Mariusz Kurzyna_
Mariusz Kurzyna (ct28940)
The Law Office of Mariusz Kurzyna
130 West Main Street, P.O. Box 3104
New Britain, Connecticut 06050
Tel. 860-357-6070
Fax 860-606-9560
mariusz@kurzynalaw.com