### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

```
-----------------------------x
                             :
ANNA KORSHUNOVA and          :
DMYTRO PERSHYN               :   Civ. No. 3:17CV01901(SALM)
                             :
v.                           :
                             :
HAVEN CARE FOR THE           :
ELDERLY, LLC and             :
LIDIYA TERESCHENKO           :   January 9, 2019
                             :
-----------------------------x
```

### CORRECTED ORDER GRANTING JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT [Doc. #46]

On November 13, 2017, plaintiffs Anna Korshunova ("Korshunova") and Dmytro Pershyn ("Pershyn") (Korshunova and Pershyn are hereinafter collectively referred to as the "plaintiffs") filed a Complaint against defendants Haven Care for the Elderly, LLC ("Haven Care"), Lidiya Tereschenko ("Tereschenko") and Ivan Tereschenko (Haven Care and Tereschenko are hereinafter collectively referred to as the "defendants"). [Doc. #1, Complaint].[1] The Complaint alleges that defendants failed to pay plaintiffs overtime wages in violation of both the Connecticut Minimum Wage Act and the federal Fair Labor Standards Act ("FLSA"). See id. at 5. The Complaint also alleges that defendants failed to pay plaintiffs the applicable

---

[1] On January 7, 2019, the parties filed a stipulation of dismissal of defendant Ivan Tereschenko. [Doc. #45].

1

Connecticut minimum wage, in violation of the Connecticut
Minimum Wage Act. See id. at 5-6.

On July 18, 2018, Judge Alvin W. Thompson referred this
matter to the undersigned for a settlement conference [Doc.
#21], which was conducted in-person on August 28, 2018. [Docs.
#24, #27, #35]. Following the August 28, 2018, in-person
settlement conference, the Court held multiple telephonic
settlement conferences with counsel, some of which were
conducted ex parte. See Docs. #32, #33, #34, #39. Plaintiffs and
defendants reached agreement on the material terms of a
settlement following these conferences. On October 3, 2018, the
parties filed a Notice, Consent, and Reference of a Civil Action
to a Magistrate Judge. [Doc. #42]. This matter was thereafter
transferred to the undersigned. [Doc. #44].

The settlement agreement provides that plaintiffs will
release all wage and hour claims against the defendants in
exchange for payment of $127,500, of which $32,500 would be
allocated to plaintiffs' counsel as attorney's fees and costs.
See Doc. #46-1 at 2-4; see also Doc. #46 at 2. The parties now
move for approval of the settlement agreement. [**Doc. #46**]. For
the reasons articulated below, the Court **GRANTS** the Joint Motion
to Approve Settlement Agreement [**Doc. #46**], the parties'
settlement is **APPROVED**, and plaintiffs' claims are **DISMISSED,
with prejudice.**

## APPROVAL OF THE SETTLEMENT

The Second Circuit has resolved the previously unsettled question of "whether parties may settle FLSA claims with prejudice, without court approval or [Department of Labor ("DOL")] supervision, under Federal Rule of Civil Procedure 41(a)(1)(A)(ii)." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 201 (2d Cir. 2015) (footnote omitted). The Second Circuit held that court or DOL approval is required:

> Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect. Requiring judicial or DOL approval of such settlements is consistent with what both the Supreme Court and our Court have long recognized as the FLSA's underlying purpose: "to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work."

Id. at 206 (quoting A.H. Phillips, Inc. v. Walling, 324 U.S. 490, 493 (1945)). The Court therefore must review a proposed settlement and determine whether it is fair in light of the particular circumstances of the case and in light of the remedial purposes of the FLSA:

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining

between experienced counsel; and (5) the possibility of
fraud or collusion.

Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y.
2012) (citation and internal quotation marks omitted).

A court may approve an FLSA settlement reached as a result
of contested litigation if it determines that the proposed
settlement "is a fair and reasonable resolution of a bona fide
dispute over FLSA provisions." Lynn's Food Stores, Inc. v.
United States, 679 F.2d 1350, 1355 (11th Cir. 1982); see also
Aros v. United Rentals, Inc., No. 3:10CV00073(JCH) and related
cases, 2012 WL 3060470, at *2 (D. Conn. July 26, 2012).

Having assisted the parties in mediating this dispute, the
Court is in a good position to evaluate the fairness of the
proposed agreement. The Court finds that the proposed settlement
agreement is fair and reasonable and satisfies the requirements
for settlement approval under federal law as summarized in
Wolinsky. (1) The proposed settlement amount is reasonable in
light of plaintiffs' range of possible recovery. See Doc. #46 at
3. (2) The agreement was reached while the parties were
conducting discovery; no dispositive motions had been filed,
enabling the parties to avoid substantial expense in pursuing
their claims and defenses. (3) There were significant factual
disputes, including a question of the number of compensable
hours actually worked by the plaintiffs, presenting litigation

risks to both parties. (4) The agreement "is the product of hard-fought arm's-length bargaining" between the parties represented by qualified counsel with experience in this field. Doc. #46 at 5. (5) The Court sees no possibility of fraud or collusion.

The FLSA settlement in this case was the result of contested litigation and arm's-length negotiations facilitated by the undersigned; accordingly, approval of the agreement is appropriate. See Beckman v. KeyBank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) ("If the proposed FLSA settlement reflects a reasonable compromise over contested issues, it should be approved.").

### AWARD OF FEES AND COSTS TO PLAINTIFFS' COUNSEL

"The FLSA provides for 'reasonable' attorneys' fees." Aros, 2012 WL 3060470, at *4 (citing 29 U.S.C. §216(b)).

> The Court must also separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined. Attorney's fees in FLSA settlements are examined to ensure that the interest of plaintiffs' counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients. Where the fees are set as part of negotiations between the parties, there is a greater range of reasonableness for approving attorney's fees.

Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (internal citations and quotation marks omitted).

"Fee awards in wage and hour cases are meant to 'encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel.'" Aros, 2012 WL 3060470 at *4 (quoting Sand v. Greenberg, No. 08CV7840(PAC), 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010)). "Adequate compensation for attorneys who protect wage and hour rights furthers the remedial purposes of the FLSA." Id.

The settlement agreement provides for payment to plaintiffs' counsel, Zipin, Amster & Greenberg, LLC, of $32,500 in attorney's fees and costs. See Doc. #46-1 at 3.[2] The Court finds this fee reasonable. The requested fee is reasonable in light of plaintiffs' counsel's work performed to date, including the identification, investigation, and prosecution of plaintiff's claims; conduct of discovery; and negotiation of the settlement which "involve[d] certain logistical issues[.]" Doc. #40 at 1; see also Aros, 2012 WL 3060470, at *7. The Court further finds that the settlement does not favor plaintiffs'

---

[2] In order for the Court to adequately assess the reasonableness of the requested fee, "counsel needs to provide a factual basis for a fee award that should include some reference to contemporaneous time records." Thallapaka v. Sheridan Hotel Assocs. LLC, No. 15CV1321(WHP), 2015 WL 5148867, at *2 (S.D.N.Y. Aug. 17, 2015). Here, plaintiffs' counsel has attached his contemporaneous time records, along with a declaration concerning his experience and hourly rate. See Docs. #46-2, #46-3.

counsel over plaintiffs themselves; indeed, it represents approximately 25 percent of the total stipulated settlement, which is less than generally called for by many standard contingency fee arrangements. See Lopez v. Poko-St. Ann L.P., 176 F. Supp. 3d 340, 343 (S.D.N.Y. 2016) ("Except in extraordinary cases, courts in this District have declined to award fees representing more than one-third of the total settlement amount."); see also Rangel v. 639 Grand St. Meat & Produce Corp., No. 13CV3234(LB), 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) (attorney's fees consisting of one-third of settlement amount, plus costs, are "routinely approved by courts in this Circuit." (collecting cases)).

<u>CONCLUSION</u>

For the reasons set forth herein, the Court **GRANTS** the Joint Motion to Approve Settlement Agreement [**Doc. #46**], the parties' settlement is **APPROVED**, and plaintiffs' claims are **DISMISSED, with prejudice**, in their entirety, without an award of costs to any party, except as specifically provided for in the settlement agreement and in this Order.

The Court retains jurisdiction over this action for thirty days for the purpose of enforcing the settlement agreement. The parties shall abide by the terms of the settlement agreement, and this Order.

SO ORDERED at New Haven, Connecticut this 9th day of January, 2019.

                                  /s/
                        HON. SARAH A. L. MERRIAM
                        UNITED STATES MAGISTRATE JUDGE